TUCKER ELLIS LLP
JOSHUA J. WES SBN 238541
joshua.wes@tuckerellis.com
Kaitlyn N. Pangburn (SBN 336346)
kaitlyn.pangburn@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone:  213.430.3400
Facsimile:   213.430.3409

Attorneys for Defendant
ETHICON, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHUN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ETHICON, INC., JOHNSON & JOHNSON, and Does 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT ETHICON, INC; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:　June 20, 2024<br>Trial Date:　　　　None Set |

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ethicon, Inc. ("Ethicon") removes this action styled *David Chun. v. Ethicon, Inc., Johnson & Johnson, and Does 1 to 100,* Case No. 30-2024-01407981-CU-PL-CJC, from the Superior Court of California, Orange County, Central Justice Center to the United States District Court for the Central District of California.

As explained below, the United States District Court for the Central District of California, Southern Division, has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) and 1441 *et seq.* because complete diversity exists between Plaintiff and Defendants and it is facially apparent from the Complaint that the amount in

controversy exceeds $75,000, exclusive of interest and costs.

## I. THE STATE COURT ACTION

1. On or about June 20, 2024, David Chun ("Plaintiff"), a resident and citizen of the State of California, filed a Complaint in the Superior Court of the State of California, County of Orange, entitled *David Chun v. Ethicon, Inc., Johnson & Johnson and Does 1 to 100*, Case No. 30-2024-01407981-CU-PL-CJC. *See* Complaint ("Compl."), attached as Exhibit A to the Declaration of Joshua J. Wes ("Wes Decl."). The Complaint names two non-resident defendants – Ethicon and Johnson & Johnson, — and one hundred (100) fictitious "Doe" defendants. *Id.* at ¶¶1, 5.

2. In his Complaint, Plaintiff alleges that he was implanted with Ethicon's Prolene Hernia System ("PHS") on or about December 22, 2022. *Id.* at ¶ Prod. L-1. Plaintiff contends that the PHS was manufactured, designed, and sold by Ethicon. *Id.* at ¶ Prod. L-4.

3. Plaintiff claims the implantation of the PHS has resulted in wage loss, hospital and medical expenses, general damage and loss of earning capacity. *Id.* at ¶ 11.

4. Plaintiff also seeks to recover compensatory damages. *Id.* at ¶ 14(a).

5. Based on the foregoing, Plaintiff asserts the following claims against Defendants: strict liability, negligence, and breach of warranty. *Id*. at ¶¶ Prod. L-4 through Prod. L-6.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A).

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Amount in Controversy Requirement is Satisfied.

7. In cases where, as here, the plaintiff seeks to recover actual damages for personal injury, California law prohibits the plaintiff from demanding a specific dollar amount of damages. *See* Cal. C. C. P. § 425.10(b). In such instances, the federal removal

2

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT ETHICON, INC; DEMAND FOR JURY TRIAL

statutes permit Ethicon to assert the amount in controversy in the instant Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

8. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

9. When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001). The court may also consider damages awards in factually similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).[2]

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. Thus 'sum claimed and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal Court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

[2] In the event a defendant's amount-in-controversy requirement is questioned, the court must provide the parties with an opportunity to submit evidence and then decide whether the preponderance of the evidence shows that the amount in controversy requirement is met. *See Dart Cherokee, Id.* at 554; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *accord Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining that a district court has no authority to remand a removed action *sua sponte* based on a purported procedural defect in the notice of removal); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (same).

10. Here, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). This is an action for personal injuries allegedly caused by the surgical implantation of a prescription medical device into Plaintiff's body. Compl. ¶ Prod. L-1. Plaintiff's Complaint asserts three causes of action against Defendants under theories of strict liability, negligence, and breach of warranty. *Id.* at ¶¶ Prod. L-4 through Prod. L-6.

11. Plaintiff alleges that he has incurred compensatory damages, wage loss, hospital and medical expenses, general damage and loss of earning capacity. *Id.* at ¶¶ 11, 14.

12. Courts have held that allegations similar to those made by Plaintiff facially satisfy the amount in controversy requirement. *See, e.g.*, *Hammarland v. C.R. Bard, Inc.*, No. 2:15-cv-05506-SVW-JEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (denying remand in hernia-mesh case and citing other cases "involving severe injuries, especially those requiring surgery," where "courts have found it facially apparent from the complaint that the amount in controversy was satisfied"); *Boudreaux v. Daimler Chrysler Corp.*, No. Civ. A. 00-2954, 2001 WL 290157, at *3 (E.D. La. Mar. 22, 2001) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff sought compensation for medical expenses, pain and suffering, mental anguish, and lost wages).

13. Recent pharmaceutical products liability suits in California demonstrate that the amount in controversy requirement is readily met in suits like this one, even when only compensatory damages are considered. *See Perry v. Luu*, No. S-1500-CV-279123, 2015 WL 13309363 (Cal. Super. Mar. 5, 2015) (entering judgment on jury verdict of $700,000 in compensatory damages for plaintiff who suffered various injuries, including painful intercourse, difficulty voiding urine, continued incontinence, scarring, and infection as a result of her implantation with a vaginal mesh medical device); *Georges v. Novartis Pharmaceuticals Corp.*, No. 2:06-cv-05207-SJO-VBK, 2013 WL 3148695 (C.D. Cal. Apr.

24, 2013) (jury verdict of $2,162,000 in compensatory damages for plaintiff who developed osteonecrosis of the jaw, requiring multiple jaw surgeries, after taking the defendant's prescription bisphosphonate drug during cancer recovery).  These verdicts, rendered in products liability cases involving claims and alleged injuries similar to this one, demonstrate that it is more likely than not that the amount in controversy here exceeds $75,000. *See Kroske*, 432 F.3d at 980 (holding that the district court properly considered damages awards in similar cases to find that the amount in controversy requirement was satisfied).

14.   In short, considering the nature of the injuries Plaintiff alleges, it is facially apparent that the amount-in-controversy requirement of $75,000, exclusive of interest and costs, is met.

**B.   Complete Diversity Exists Between Plaintiffs and All Properly Joined Defendants.**

15.   None of the properly named and joined Defendants is a citizen of the same state as Plaintiff.  Complete diversity therefore exists under 28 U.S.C. § 1332(a).

16.   Upon information and belief, Plaintiff was a resident citizen of the State of California at the time of the filing of his Complaint and at the time of the filing of this Notice of Removal.

17.   For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Ethicon is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Jersey.  Wes Decl. ¶ 4.

18.   For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Jersey.  Wes Decl. ¶ 3.

19.   The citizenship(s) of any Doe Defendant(s) are not considered for the purposes of determining diversity jurisdiction, *see* Compl. ¶ 6, as they are fictitious defendants.  *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable

on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Moreover, Plaintiff has not identified any Doe Defendants "with sufficient particularity to provide a clue as to their actual identity." *See Sandoval v. Repub. Servs., Inc.*, No. 2:18-cv-01224-ODW(KS), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (considering the citizenship of a defendant identified only as "Chris Doe," where the complaint particularly described the defendant's proper first name, place of employment, and dates of employment); *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375 FMO (GJS), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) (considering the citizenship of "Defendant Doe 1," where the complaint identified the specific store where the defendant was employed as a pharmacist and specified a particular date on which she was employed by the named defendant). Accordingly, the citizenship of the fictitious Doe Defendant(s) is not required to be considered for the purposes of determining if complete diversity exists.

### III. ETHICON HAS SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

20. The Superior Court of the State of California, Orange County, Central Justice Center, is located within the Central District of California, Southern Division, *see* 28 U.S.C. § 84(d), and venue for this case is proper in this Court under 28 U.S.C. § 1446(a) because the Central District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Ethicon are attached as Collective Exhibit A to the Declaration of Joshua J. Wes.

22. Ethicon will promptly file a copy of this Notice with the Clerk of the Superior Court for the State of California, Orange County, Central Justice Center, as required by 28 U.S.C. § 1446(d).

23. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

24. Ethicon was served with the complaint and summons on July 2, 2024

25. Removal is timely as this Notice was filed within 30 days of the receipt of the initial pleadings and summons by Ethicon. *See* 28 U.S.C. § 1446(b)(2)(B).

26. Upon information and belief, as of the date of the filing of this Notice of Removal, Defendant Johnson & Johnson has not been served with a copy of the Complaint and summons.[3] Accordingly, Ethicon does not need its consent to the removal of this action. *See Aqua Connect, Inc. v. Code Rebel LLC*, No. CV-11-5764 RSWL (MAN), 2011 WL 5075421, at *4 (C.D. Cal. Oct. 25, 2011) ("Case law generally requires all defendants to join or consent to the notice of removal, but an exception exists when a non-joining defendant has not been served in state court.").

27. No previous application has been made for the relief requested herein.

28. By removing this action to this Court, Ethicon does not waive any defenses, objections, or motions available under state or federal law. Ethicon expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

---

[3] Although Johnson & Johnson Medical Devices & Diagnostics Group – Latin America, LLC, which is located in Florida, was served with Plaintiff's Complaint, it is not a named defendant in this action. It is a separate and distinct entity from Johnson & Johnson. Further, it does not design, manufacture, or sell the alleged product at issue. Therefore, Johnson & Johnson Medical Devices & Diagnostics Group – Latin America, LLC, was erroneously served with process, is not a proper party to this action, and Ethicon does not require its consent to the removal of this action.

WHEREFORE, Defendant Ethicon gives notice that the matter bearing the case number 30-2024-01407981-CU-PL-CJC, currently pending in the Superior Court of the State of California, Orange County, Central Justice Center, is removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*.

DATED: July 31, 2024                                    TUCKER ELLIS LLP

                                                        By:  */s/ Joshua J. Wes*
                                                             Joshua J. Wes
                                                             Attorneys for Defendant
                                                             ETHICON, INC.

## **DEMAND FOR JURY TRIAL**

Defendant Ethicon, Inc. hereby demands trial by jury in this action.

DATED: July 31, 2024                                    TUCKER ELLIS LLP

                                                        By:  */s/ Joshua J. Wes*
                                                             Joshua J. Wes
                                                             Attorneys for Defendant
                                                             ETHICON, INC.

# CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5-3.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071.

On July 31, 2024, a true and correct copy of the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT ETHICON, INC; DEMAND FOR JURY TRIAL** was filed with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system.

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties. Additionally, all parties will be served as follows:

(X) **VIA U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, addressed as follows. By placing for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

| | |
|---|---|
| Gary L. Chambers<br>Chambers & Noronha<br>2070 N. Tustin Avenue<br>Santa Ana, CA  92705<br>Email: glchambers@cnlegalgroup.com | Attorneys for Plaintiff |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 31, 2024, at Los Angeles, California.

*/s/ Jennifer Polzin*
Jennifer L. Polzin